## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY a/s/o JACOB PHILIPOSE and ANIAMMA PUTHUPPALLIL**<br>**1067 Gelding Circle**<br>**Warrington, PA  18976-2724**<br>**Plaintiff(s)**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY**<br>**3135 Easton Turnpike**<br>**Fairfield, CT 06431**<br>**Defendant(s)** | **CIVIL ACTION NO.**<br><br><br><br>**COMPLAINT** |

And now comes the plaintiff, State Farm Fire & Casualty Company a/s/o Jacob Philipose and Aniamma Puthuppallil, by way of Complaint against the defendant, hereby stating as follows by and through undersigned counsel:

### PARTIES

1.      Plaintiff, State Farm Fire & Casualty Company a/s/o Jacob Philipose and Aniamma Puthappallil (hereinafter "State Farm"), is an Illinois corporation with a principal place of business located at One State Farm Place, Bloomington, IL; at all times relevant hereto, State Farm was engaged in the business of, *inter alia*, providing property (etc.) insurance to homeowners.

2.      State Farm is licensed to do business in the Commonwealth of Pennsylvania and at all times relevant hereto provided, *inter alia*, property insurance to Jacob Philipose and Aniamma Puthuppallil (hereinafter "subrogors") for their residential property located at 1067 Gelding Circle, Warrington, PA  189767-2724 (hereinafter the "subject property").

3.     At all times relevant hereto, Defendant, General Electric Company (hereinafter "defendant" or "GE") was, upon information and belief, a New York corporation that regularly conducted business in the Commonwealth of Pennsylvania.

4.     GE, at all times relevant hereto, was in the business of, *inter alia*, designing, manufacturing, distributing, marketing and selling home appliances, including the subject refrigerator – believed to be designated Model TFX 25JR – at issue in this case(hereinafter "the product").

## JURISDICTION AND VENUE

5.     Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states.  Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7.     Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

8.     On September 13, 2009, a fire erupted at the subject property due to the malfunction of the product, which was being used in an ordinary and foreseeable manner at the subject property; this fire caused extensive damage to subrogors' real and personal property, as well as the imposition of additional expenses and hardship besides; this fire was directly and proximately caused by GE as is further and more fully described below.

9.     In the wake of the loss described below, as a result of claims made on said policy (which were duly paid pursuant thereto), State Farm became subrogated to certain rights and

2

interests of subrogors for monies paid thereunder, including the claims giving rise to the within cause of action.

10.     The product was designed, manufactured, assembled, sold, distributed and/or marketed by GE.

## COUNT I – NEGLIGENCE
## PLAINTIFF v. GE

11.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

12.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of GE, by and through its employees, agents, technicians, vendors, subcontractors and/or servants, more specifically described as follows:

      a.      failing to exercise reasonable care in the following manner:

            i.      failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product;

            ii.      failing to properly inspect and/or test the product and/or its component parts;

            iii.      failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

            iv.      failing to provide safe and adequate warnings or instructions with the product; and /or

            v.      manufacturing, marketing, distributing and/or selling the product when the defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

      b.      failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

      c.      failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

3

d.  failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

f.  failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

13.  As a direct and proximate result of the negligence and carelessness of GE, subrogors sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardships, in an amount in excess of $100,000.00; State Farm became subrogated to certain rights and interests of subrogors for monies paid thereunder, including the claims giving rise to the within cause of action.

**WHEREFORE**, plaintiff respectfully requests judgment against defendant in an amount in excess of $100,000.00, plus costs incident to this suit, delay damages and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABILITY
## PLAINTIFF v. GE

14.  Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

15.  GE, at all times relevant hereto, was engaged in the business of, *inter alia*, designing, assembling, manufacturing, testing, selling and/or distributing, *inter alia*, refrigerators, and, specifically did so with the product at issue in this case.

16.  GE designed, manufactured, distributed, tested and/or sold the subject product in a defective condition, unreasonably dangerous to consumers.

4

17.     GE knew or should have known that the subject product would, and did, reach the subject property without substantial change from the condition in which originally distributed and sold.

18.     The aforementioned defects consisted of:

    (a)     design defects;

    (b)     manufacturing defects;

    (c)     component defects;

    (d)     a failure to warn of the design, manufacturing, and/or component defects, and/or provide proper warning and/or safe-use instructions.

19.     As a direct and proximate result of such defects, subrogors sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship, in an amount in excess of $100,000.00; State Farm became subrogated to certain rights and interests of subrogors for monies paid thereunder, including the claims giving rise to the within cause of action.

20.     For these reasons, GE is strictly liable to plaintiff for the damages stated herein under Section 402A of the Restatement (2d) of Torts, the Restatement (3d) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE**, plaintiff respectfully requests judgment against defendant in an amount in excess of $100,000.00, plus costs incident to this suit, delay damages and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES
## PLAINTIFFS vs. GE

21.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

22.     At the time of the sale and/or distribution of the subject product, defendant GE had reason to know the particular purpose to which the subject product would be used (*i.e.* residential application) and that it was being relied upon to furnish a suitable product. Thus, GE breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

23.     In addition, GE breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the ordinary uses for which the product was used.

24.     In addition, GE breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (The defendant has better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

25.     Subrogors' damages as set forth above occurred as a direct and proximate result of the breach by GE of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in violation of 13 Pa. C.S.A. § 2-313.

26.     Plaintiff and subrogors have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, plaintiff respectfully requests judgment against defendant in an amount in excess of $100,000.00, plus costs incident to this suit, delay damages and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**NELSON LEVINE de LUCA & HORST, LLC**

BY: _____

DANIEL J. de LUCA
PA I.D. No. 74727
ATTORNEY FOR PLAINTIFFS, STATE
FARM FIRE & CASUALTY COMPANY
a/s/o JACOB PHILIPOSE AND ANIAMMA
PUTHUPPALLIL
518 Township Line Road, Suite 300
Blue Bell, PA 19422
(215) 358-5171
(215) 358-5101 (fax)
E-Mail:  ddeluca@nldhlaw.com

Dated:  April 19, 2010

## VERIFICATION

The undersigned, being duly sworn according to law, hereby deposes and says that he is an authorized representative of State Farm Fire & Casualty Company as subrogee of the nominal plaintiff (i.e. the subrogor) named in this matter's caption, and that he is authorized by same to make this verification on its behalf, and that for all facts averred in the attached pleading not of his own personal knowledge, he has received the necessary information from State Farm Fire & Casualty Company, and that all such facts are true and correct to the best of his knowledge, information and belief.

He understands that this verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

BY: _____

GRANT GATCHELL, Authorized
Representative, State Farm Fire & Casualty Co.

Dated: April 16, 2010